{¶ 1} I respectfully dissent from the majority's disposition of Peterbilt's second and third assignments of error concluding that the $6,000 figure in the letter of intent constituted an estimate. The $6,000 figure is the contractual cost for the "the development of preliminary site drawings, a topographical and site survey and preliminary architectural drawings for this project." Once the preliminary site drawings, site survey, and architectural drawings were completed, the contract was completed.
 {¶ 2} Peterbilt and Gordon then entered into a new contract when Peterbilt requested modification of the project drawings and Gordon began the development of additional site drawings. Consequently, I believe that the trial court should be reversed, and that this case be remanded to determine the terms of the new contract or to be tried under a theory of restitution.
 {¶ 3} In order to recover under the common law doctrines of restitution, sometimes referred to as "quantum meruit," or "unjust enrichment," a claimant must show that he conferred a benefit upon another and that the circumstances render it unjust and inequitable to permit the other to retain the benefit without making payment therefor.National City Bank v. Fleming (1981), 2 Ohio App.3d 50, 57.
 {¶ 4} I also dissent from the majority's disposition in the first assignment of error concluding that Peterbilt is liable for prejudgment interest from October 1, 2000. Prejudgment interest in this case should be calculated "for the period of time between accrual of the claim and judgment." Royal Elec. Constr. Corp. v. Ohio State Univ.,73 Ohio St.3d 110, 117, 1995-Ohio-131. I believe the date of accrual of the claim occurred on the date of judgment, November 1, 2002.
 {¶ 5} Therefore, I respectfully dissent.